UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RICHARD E. AMBURN,

    Plaintiff,

v.                                                  Case No.: 8:04-CV-2232-T-MAP

JO ANNE BARNHART,
Commissioner of
Social Security,

    Defendant.
_____/

## ORDER

      Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying his period of disability and Disability Insurance Benefits ("DIB").[1] Essentially, Plaintiff argues the Administrative Law Judge ("ALJ") erred by 1) failing to fully and adequately consider all of his impairments with regard to their severity or effect; 2) failing to adequately consider the opinions of his treating physicians; and 3) failing to fully and adequately weigh the substantial evidence. After reviewing the record, I find the ALJ applied the correct legal standards and the decision is supported by substantial evidence. Therefore, I recommend that the complaint be dismissed and the Commissioner's decision affirmed.

      *Background*

      Plaintiff, a former heavy equipment operator, attendant and assistant manager at a tanning

---

[1] The parties have consented to proceed before me pursuant to 28 U.S.C. § 636(c) (doc. 6).

1

salon, stage hand, and private investigator, alleges he became disabled on February 17, 1998, due to depression, back pain, left wrist surgery, and finger pain. Plaintiff was born on June 22, 1963 and has a high school education. He first filed for a period of disability and disability benefits on June 18, 1999. The state agency denied benefits initially and on reconsideration, and thereafter an Administrative Law Judge issued an unfavorable decision on October 27, 2000. That decision was remanded to the Commissioner, a supplemental hearing was held on November 3, 2003 and an unfavorable decision was issued January 22, 2004. The Appeals Council denied review and Plaintiff filed an appeal to this court. The case is now ripe for review.[2]

*Standard of Review*

To be entitled to disability insurance benefits a claimant must be unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *See* 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further

---

[2] The ALJ accurately reports Plaintiff's medical history and I adopt that portion of his decision for purposes of this report and recommendation. (R. 302-317).

inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert,* 482 U.S. 137 (1987); 20 CFR §§ 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services,* 21 F.3d 1064 (11th Cir. 1994). The court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that she has conducted the proper legal analysis, mandates reversal. *Keeton,* 21 F.3d at 1066; *Jamison v. Bowen,* 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*Discussion*

*a. failure to fully and adequately consider all impairments*

At step two of the five-step evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); 20 C.F.R. §§ 404.1520, 416.920. This is a "threshold" inquiry and allows only claims based on the most trivial impairments to be rejected. *McDaniel*, 800 F.2d at 1031. An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the claimant's ability to work, irrespective of age, education, or work experience. *Id.*; *see* 20 C.F.R. §§ 404.1520, 416.920. A claimant who establishes the inability to perform past work activities has a severe impairment. *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985).

In this case the ALJ found Plaintiff suffered from severe cervical and lumbar sprain but that his allegations of depression were not well documented or supported. However, the regulations require that when any severe impairment exists, all medically determinable impairments, even those classified as non-severe, must be considered in the remaining steps of the sequential analysis. *See* 20 C.F.R. § 404.1523. Here, the ALJ found that although some of claimant's impairments were "severe," the medical evidence did not contain the required clinical and laboratory findings to establish that those impairments, either individually or in combination, meet the criteria for any listed impairment. Moreover, Plaintiff's testimony as to his impairments and their severity is not fully credible. For example, Plaintiff reported to the ALJ handling only small items while helping a friend move his tanning salon, but he reported to the VA that he in fact moved an actual tanning bed. Plaintiff said he stopped certain medications because they caused impotency when he had

4

undergone a recent vasectomy, admitted to fishing and inner tubing outings, pool cleaning, and helping with tiling jobs. And while Plaintiff claims blurred vision, daily headaches, and continued depression, the record is devoid of any eye examinations, neurologist visits, or recent depression treatment.[3] The ALJ noted large gaps in Plaintiff's treatment record, which also suggests that the severity of his impairments is not that severe.

Similarly, Plaintiff contends that the ALJ did not take into account the limitations in his left hand; however, the record clearly indicates otherwise. Admittedly, Plaintiff suffered hand problems and pain at one time, but in 1998 and 1999, according to the medical evidence, he had only diminished sensation, with no loss of fine or gross dexterity. In addition, Plaintiff never sought treatment by a specialist nor reported significant pain to physicians. Moreover, his activities, fishing, cleaning pools, tiling, and moving tanning beds, contradicts the severity of his hand impairments.

The ALJ found that Plaintiff retained the residual functional capacity for light work with a sit/stand option and with an occasional limitation for bending, stooping, twisting and crawling. In addition, the ALJ limited Plaintiff's RFC for concentrating on assigned tasks and prolonged standing, but found him capable of performing routine, repetitive tasks that do not require constant neck flexion. With these limitations, the vocational expert opined that Plaintiff could perform work as a survey worker, information clerk, and storage rental clerk. (R. 317). The ALJ fully and adequately considered the Plaintiff's impairments as his findings are supported by substantial

---

[3] Although Plaintiff has sought depression treatment in the past, there is no evidence of treatment within the last three years. In fact, in a 1999 personal history form, the record shows Plaintiff checked "no" to experiencing mental depression, headaches, and eye/vision problems, either presently or in the past. (R. 179)

evidence in the record.

       *b. failure to adequately consider the opinions of Plaintiff's treating physicians*

It is well-established that the "testimony of a treating physician must be given substantial or considerable weight unless 'good cause' is shown to the contrary." *Crawford v. Commissioner of Social Security*, 363 F.3d 1155, 1158 (11th Cir. 2004) quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). This comports with regulatory view that a treating physician is more able to provide a detailed, longitudinal picture of the claimant's medical impairments. *See* 20 C.F.R. §§ 404.1527(d)(2). Nonetheless, the physician's opinion is not sacred. A treating physician's report "may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Id* quoting *Edwards v. Sullivan*, 937 F.2d 580, 583-84 (11th Cir. 1991) (good cause existed where the opinion was contradicted by other notations in the physician's own records). Moreover, some medical opinions, such as ones that the claimant is disabled or unable to work, are not entitled to any special significance, as those are findings on issues that are left to the Commissioner's determination. *See* 20 C.F.R. §§ 404.1527(e)

Here, Dr. Feldman opined that Plaintiff was totally disabled due to lumbar radiculopathy, herniated lumbar disc, and chronic lumbar sprain. (R. 235). However, Dr. Feldman failed to list any limitations caused by Plaintiff's conditions. A mere diagnosis does not determine disability, rather it is the functional limitations imposed by the condition that determines disability. *See Johns v. Bowen*, 821 F.2d 551, 555 (11th Cir. 1987); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986) (the severity of a medically ascertainable disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality). Plaintiff argues that the ALJ should have asked Dr. Feldman in order to

clarify his statement regarding Plaintiff being "totally disabled," as there are multiple definitions of "disabled" and Dr. Feldman should have been given a chance to explain. The Commissioner correctly asserts that the only relevant definition of the word disabled is found in the Social Security regulations at 20 C.F.R. § 404.1505. Dr. Feldman's opinions and reports were clear and unambiguous. The only time an ALJ has a duty to ask a physician for clarification is if the source contains an ambiguity or conflict that must be resolved, the physician's report does not contain all necessary information, or the physician's findinkgs are not based on medically accepted techniques. *See* 20 C.F.R. § 404.1512(e)(1). None of those circumstances applied here. As such, the ALJ adequately considered the opinion of Plaintiff's treating physician, Dr. Feldman.

*Conclusion*

Because the ALJ correctly applied the regulatory scheme and his decision is supported by substantial evidence, it is hereby

ORDERED:

1. The Plaintiff's complaint is dismissed and the Commissioner's decision is affirmed.

2. The Clerk is directed to enter judgment for the Commissioner.

IT IS SO ORDERED at Tampa, Florida on this 10th day of February, 2006.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record

7